IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLE HERNANDEZ FLEMING, | * | |
| Petitioner, | * | |
| | | Civ. Action No. RDB-18-0330 |
| v. | * | Crim. Action No. RDB-14-0400 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On December 18, 2014, Petitioner Willie Hernandez Fleming ("Petitioner" or "Fleming") pled guilty to one count of Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a). (ECF No. 29.) On March 18, 2015, this Court sentenced Fleming to 137 months of imprisonment and three years of supervised release. (ECF No. 34.) Subsequently, Petitioner appealed his sentence, and the United States Court of Appeals for the Fourth Circuit affirmed. *United States v. Fleming*, 675 F. App'x 311, 311-12 (4th Cir. 2017). Currently pending before this Court are Petitioner's Motions to Reduce Sentence (ECF Nos. 83 and 85), Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 99), Petitioner's Motion for Evidentiary Hearing (ECF No. 114), and Petitioner's Motion to Appoint Counsel (ECF No. 116.) For the following reasons, Petitioner's Motions to Reduce Sentence (ECF Nos. 83 and 85) are DENIED;[1] Petitioner's

---

[1] Petitioner sent two letters to this Court styled as Motions to Reduce Sentence (ECF Nos. 83 and 85). In these letters, Petitioner provides evidence of good behavior in prison, but presents no legal arguments to support his requested relief. Accordingly, these Motions are DENIED.

1

Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED; Petitioner's Motion for Evidentiary Hearing (ECF No. 114) is DENIED;[2] and Petitioner's Motion to Appoint Counsel (ECF No. 116) is DENIED.

## BACKGROUND

On August 26, 2014, a federal grand jury returned an indictment charging Petitioner with one count of knowingly possessing a firearm having been previously convicted of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). (Indictment, ECF No. 1.) To assist with his defense against this charge, Petitioner retained private counsel. (ECF No. 4.) On December 18, 2014 the Government filed a Superseding Information charging him with Conspiracy to Commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a). (ECF No. 23.) Petitioner pled guilty to this offense[3] pursuant to a Plea Agreement. (ECF No. 25.)

In the Plea Agreement, Fleming admitted that he and another person agreed to commit, and in fact committed, armed robberies of patrons of the Maryland Live Casino located in Hanover, Anne Arundel County, Maryland. (Plea Agreement, Attachment A at 1.) The Agreement also memorialized the parties' sentencing calculations. In light of his prior convictions, the parties agreed that Fleming was a career offender and, accordingly, that the applicable offense level was 32 pursuant to United States Sentencing Guidelines (U.S.S.G.) § 4B1.1. (Plea Agreement 4.) Based on Fleming's acceptance of personal responsibility for his conduct, the Government agreed to a two-level reduction in Fleming's adjusted offense level.

---

[2] After reviewing the Motions, the Court finds no need for an evidentiary hearing. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings.
[3] Petitioner consented to prosecution by information rather than indictment. (ECF No. 22.)

(*Id.* at 5.) The Government additionally agreed to a one-level reduction in recognition of the Petitioner's timely notification of his intention to plead guilty. (*Id.*) These reductions resulted in an offense level of 29. (*Id.*) The parties further stipulated that Fleming's Criminal History Category was VI pursuant to U.S.S.G. § 4B1.1(b) and because the defendant's criminal history resulted in thirteen or more criminal history points. (*Id.*) In light of these calculations, the parties agreed that the Government would be free to make a sentencing recommendation of 151-188 months. (*Id.*)

On March 19, 2015, this Court conducted a sentencing hearing. (ECF No. 33.) During the hearing, the Fleming acknowledged that he had reviewed the Presentence Investigation Report (ECF No. 31) (sealed) about three or four times with his lawyer. (Sentencing Tr. 12:1-13, ECF No. 38) (sealed). His attorney acknowledged that the Defense had no corrections or objections to the report. (*Id.* at 12:21-23.) The Presentence Investigation Report indicated that Fleming had numerous prior convictions. In July 1995, he was convicted of attempted murder and sentenced to seven years imprisonment. (ECF No. 31, at 9.) In May 1996, he was convicted of robbery with a deadly weapon. (*Id.*) Petitioner had also been convicted of three drug-related offenses in April 1996, May 1996, and December 2011. (*Id.* at 9-10.) At the hearing, this Court independently reviewed Fleming's criminal history and noted his prior convictions for attempted murder, robbery, and drug-related offenses. (Sentencing Tr. 19:1-9.) This Court also noted that Fleming had been released from prison for 10 years prior to the 2011 drug offense. (*Id.* at 29:8-30:9.) Pursuant to U.S.S.G. §§ 4A1.3(b) and other provisions, this Court determined that a Criminal History Category IV and an offense level of 28 were more appropriate. (*Id.* at 29:23-30-9.) This resulted in an advisory guideline range of 110 to

3

137 months. (*Id.* at 30:6-9.) This Court imposed a sentence of 137 months, at the high end of this advisory guideline range, in light of the violent nature of the offense conduct in this case. (Judgment, ECF No. 34.)

Petitioner has raised various post-plea challenges. On May 7, 2015, Fleming filed a *pro se* Motion to Reduce Sentence (ECF No. 41), which this Court denied. (ECF No. 64.) Subsequently, on November 3, 2015, he filed a Motion to withdraw his guilty plea (ECF No. 62) which this Court also denied. (ECF No. 63.) On appeal to the United States Court of Appeals for the Fourth Circuit, Petitioner's appointed appellate counsel certified that there were no meritorious grounds for appeal. *Fleming*, 675 F. App'x at 311. Nevertheless, counsel questioned whether this Court complied with Rule 11 of the Federal Rules of Criminal procedure in accepting Petitioner's guilty plea, and whether Petitioner's sentence was reasonable. *Id.* On February 1, 2017 The Court of Appeals rejected Petitioner's arguments and affirmed the Judgment of this Court. *Fleming*, 675 F. App'x at 311-12. Additionally, and in accordance with *Andres v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), the Court reviewed the entire record and found no meritorious grounds for appeal.[4] *Fleming*, 675 F. App'x at 312.

Fleming has filed five motions *pro se* for this Court's consideration. Now pending before this Court are Petitioner's Motions to Reduce Sentence (ECF Nos. 83 and 85), Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 99), Petitioner's Motion for

---

[4] On May 18, 2016 the Office of Public Defender, acting on Fleming's behalf, filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 82.) On July 5, 2017 Petitioner, through counsel, sought dismissal of the Motion and this Court granted the request. (ECF Nos. 94 and 95.)

Evidentiary Hearing (ECF No. 114), and Petitioner's Motion to Appoint Counsel (ECF No. 116.)

## **STANDARD OF REVIEW**

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, __ Fed App'x __ (4th Cir. Oct. 5, 2017) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers"). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States,* 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman,* __ U.S. __, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing

5

*United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## **ANALYSIS**

I. **Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 99.)**

Fleming petitions this Court to vacate his sentence on two grounds. First, he contends that his counsel was ineffective for failing to object to his designation as a career offender. (Pet.'s Mem. 4-10, ECF No. 101.) Second, Petitioner argues that he was "actually innocent" of the predicate offenses forming the basis for his career offender designation. (*Id.* at 10-11.) Petitioner has failed to show that his counsel's performance was deficient or that he is "actually innocent" of his past offenses. Accordingly, the Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 99) is DENIED.

    a. **The Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 99) is timely.**

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*; *see also Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014). For federal criminal defendants who do not file

petitions for certiorari, a conviction becomes "final" for purposes of Section 2255's limitations period 90 days after the Court of Appeals enters judgment. *Clay v. United States*, 537 U.S. 522, 524–25 (2003); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004).

On February 1, 2017 the United States Court of Appeals entered judgment on Fleming's direct appeal. As Petitioner did not file a petition for writ of certiorari, the one-year limitation period began running on May 2, 2017 (90 days from the Court of Appeals entry of Judgment). Petitioner filed his Motion to Vacate pursuant to Section 2255 on January 31, 2018, within the one-year limitations period. Accordingly, his Motion is timely.

### b. Petitioner's ineffective assistance of counsel claim must fail.

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting

7

*Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

Petitioner argues that his counsel was ineffective because he failed to investigate his criminal history prior to his sentencing, and thus was ill-prepared to "object and argue" that the Petitioner's prior convictions did not warrant a career offender designation. (Pet.'s Mem. 4-8.) Fleming appears to contend that his counsel should have advocated for the application of the "modified categorical approach" to determine whether his prior convictions warranted a career offender designation in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), a case decided subsequent to his sentencing. (*Id.* at 9-10.) Because there is no question that Fleming's prior convictions for attempted murder, robbery with a deadly weapon, and three drug offenses establish him as a career offender under the Guidelines, Petitioner's counsel was not ineffective for refraining from objecting to his career offender designation.

To qualify as a career offender under the Guidelines, a defendant must be (1) at least eighteen years old at the time of the instant offense; (2) the instant offense was a crime of violence or a controlled substances offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substances offense. U.S.S.G. § 4B1.1(a). Under the "force clause" of § 4B1.2(a)(1), "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against another" constitutes a crime of

8

violence. A controlled substances offense is "any offense under federal or state law, punishable by imprisonment for a term exceeding on year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." § 4B1.2(b).

In *Mathis*, the Supreme Court determined that Iowa's burglary statute could not serve as a predicate violent felony to enhance Mathis's sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). To reach this conclusion, the Court used the "categorical approach" and explained that a court generally must look only to the elements of the offense, not the facts, to determine whether a prior offense qualifies under the ACCA as a predicate offense. *Mathis*, 136 S. Ct. at 2251. The Court determined that the district court erred by applying the modified categorical approach, which requires examining the facts surrounding the defendant's prior convictions, to determine whether the Iowa conviction served as a predicate offense under the ACCA. *Id.* at 2249-50, 2253.

Fleming has not explained how *Mathis* supports the use of the modified categorical approach in this case. As this Court recently explained, convictions under Md. Code Ann., Crim. Law § 5-602 (West 2017) serve as predicate offenses for purposes of a career criminal designation. *Curtin v. United States*, TDC-17-0803, 2018 WL 3611050, at *5 (D. Md. July 27, 2018). In *Curtin*, as here, a prisoner invoked *Mathis* and complained that his prior convictions under Section 5-602 did not warrant a career offender designation. *Id.* at *4-5. Section 5-602 makes it a crime to "distribute or dispense a controlled dangerous substance" or "possess a controlled dangerous substance in sufficient quantity reasonably to indicate under all

9

circumstances an intent to distribute or dispense a controlled dangerous substance." This Court held that the language of Section 5-602 closely tracks the definition of a "controlled substance offense" under the Guidelines and that any two of Petitioner's convictions under the statute would suffice as predicate offenses. *Id.* at *5. Moreover, *Mathis* did not change the general rule that Fleming's robbery and attempted murder convictions categorically constitute crimes of violence under the Guidelines. *See, e.g.*, *Ennis v. United States*, RWT-16-1835, 2018 WL 3092196, at *3 (D. Md. June 22, 2018) (explaining that a Maryland robbery conviction is a crime of violence under the Guidelines and reiterating a prior holding that it would "strain[] common sense" to find that murder is not a crime of violence (quoting *United States v. Moreno-Aguilar*, 198 F. Supp. 3d 548, 554 (D. Md. 2016))).

In this case, there is no question that Petitioner was a "career offender" under the Guidelines. Petitioner was (1) at least eighteen years old at the time he committed Hobbs Act Robbery; (2) his conviction was for a crime of violence; and (3) he had at least two prior felony convictions of either a crime of violence or a controlled substances offense. His crimes of attempted murder and robbery with a deadly weapon unquestionably constitute two crimes of violence under the Guidelines. Finally, as *Curtin* explained, Fleming's three prior drug convictions under Section 5-602 unequivocally constitute controlled substance offenses. As any objection to these categorizations would have been meritless, Fleming's counsel was not ineffective for failing to raise them. *Curtin*, 2018 WL 3611050, at *5 (explaining that counsel need not raise a "legally meritless claim" (quoting *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990))).

### c. Petitioner has not shown that he is "actually innocent" of his prior offenses.

Finally, Petitioner argues that he is "actually innocent of the Prior State convictions 'used' at sentencing" and that he is "in fact factually/legally innocent of the conduct define[d] in § 4B1.2(a). (Pet.'s Mem. 8, 10.) With this language, Petitioner appears to argue both that he (1) never committed the prior offenses; and (2) that the prior offenses should not have formed the basis for his career offender designation. This Court has already considered and rejected the latter argument in the context of his ineffective assistance of counsel claim. Petitioner's apparent argument that he has never committed the prior offenses is also unavailing. To successfully demonstrate his actual innocence, Fleming has the burden of presenting clear and convincing evidence. *United States v. Mikulajnuas*, 186 F.3d 490, 493 (4th Cir. 1999). Because Fleming has presented no evidence to support a claim of actual innocence, his argument fails.

## II. Petitioner's Motion to Appoint Counsel (ECF No. 116)

Fleming petitions this Court to appoint counsel to assist him with an alleged constitutional violation affecting him at the New York City Metropolitan Correctional Center. (ECF No. 116, at 1.) Fleming complains that an unknown corrections staff member destroyed a letter intended for him. (*Id.*) He claims to have pursued some form of administrative remedy in connection with this incident. (*Id.*) This matter appears distinct from his pending 2255 motion.[5]

---

[5] To the extent that Petitioner is seeking counsel to pursue his Section 2255 Motion, this request is DENIED. There is no Sixth Amendment right to counsel in collateral proceedings. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may appoint counsel to a *pro se* litigant seeking Section 2255 relief if the court determines "that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a court must appoint counsel only "[i]f an evidentiary hearing is required." *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings. As Petitioner has adequately presented his claims and grounds for relief, there is no reason to appoint counsel. The interests of justice do not require appointment of counsel, and no evidentiary hearing is necessary in this matter.

This Court has discretion to appoint counsel for indigent plaintiffs in civil cases. 28 U.S.C. § 1915(e)(1). In this case, however, Fleming does not appear to have initiated a lawsuit and has presented no basis for this Court's jurisdiction over alleged constitutional rights violations occurring in New York. Accordingly, Fleming's Motion to Appoint Counsel (ECF No. 116) is DENIED.

## CONCLUSION

For the reasons stated above, Petitioner's Motions to Reduce Sentence (ECF Nos. 83 and 85) are DENIED; Petitioner's Motion to Vacate to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 99) is DENIED; Petitioner's Motion for Evidentiary Hearing (ECF No. 114) is DENIED; and Petitioner's Motion to Appoint Counsel (ECF No. 116) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant, which is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Fleming's claims debatable, a certificate of appealability is DENIED.

A Separate Order follows.

Dated:	December 6, 2018

                                                           /s/_____
                                                    Richard D. Bennett
                                                    United States District Judge